UNITED STATES of America,
Plaintiff—Appellee,

v.

Ronald SAMPSON, Defendant—
Appellant.

No. 01–50470.

D.C. No. CR–00–371–HLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided May 23, 2002.

---

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,* District Judge.

### MEMORANDUM **

Ronald Sampson appeals his ten-month sentence imposed for income tax evasion. He argues that the district court erred in imposing an enhancement under U.S. Sentencing Guideline (U.S.S.G.) § 2T1.1(b)(1) without sufficient factual findings, in ordering restitution that was not contemplated by the plea agreement, and in delegating the task of determining the amount of restitution to the Internal Revenue Service. He asks the court to reverse imposition of the enhancement and to vacate the order of restitution. We affirm in part, and vacate and remand in part.

Sampson contends that the district court erred in imposing a two-level sentence enhancement under U.S.S.G. § 2T1.1(b) for failing to report more than $10,000 in income gained as a result of criminal activity because the court based the enhancement on conduct that was only civil in nature. The district court found that the "criminal means" in this case were "the withdrawals without authorization of clients' money from the attorney trust fund of the defendant and referred also to a "criminal taking of clients funds." The record supports this finding, and the finding describes a crime. *See* Cal.Penal Code § 506 (West 1999).

However, we find that a limited remand is necessary in order to correct the order of restitution. The district court ordered restitution to the Internal Revenue Service for the tax due for the year of Sampson's conviction. Although a meeting was contemplated by the plea-agreement, the parties had not met in order to arrive at this calculation. The court, therefore, acknowledged that it was unsure of the actual amount of restitution and ordered that the amount of restitution "is to be determined by the Internal Revenue Service in consultation with the defendant."

The court should have determined the actual amount of restitution owed after Sampson's tax liability had been calculated and entered its order accordingly. *See United States v. Najjor,* 255 F.3d 979, 984 (9th Cir.2001) (the sentencing court is responsible for determining the amount of loss the victim suffered by the defendant's conduct). We remand so that the court may now do so.

We affirm the convictions and sentence, but vacate the restitution order and remand for the limited purpose of correcting the award of restitution.

AFFIRMED in part; VACATED in part; and REMANDED for correction of amount of restitution ordered.

---

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.